PRICE, Judge,
dissents.
I must dissent from the opinion of the majority in imputing knowledge of the driver’s intoxicated state to this particular plaintiff.
The majority concedes that the driver’s appearance and demeanor alone would not have indicated he was intoxicated. The sole basis for imputing this knowledge to plaintiff is that she should have concluded that the degree of intoxication that may result from drinking roughly twenty-eight ounces of gin over a seven-hour period, during which the driver eats and exercises, would be so great as to impair his ability to drive despite her own observations to the contrary.
The majority relies heavily on expert opinion that a blood alcohol level of U5 will result in noticeable effects. While this fact may be well recognized by an expert, a twenty-year-old woman, who apparently does not drink heavily, might very well be ignorant of it. Furthermore reliance on this fact presupposes that she would have had the ability to determine that consumption of four ounces of gin an hour for seven hours, during a period of moderately heavy activity, would produce such a dangerously high alcohol level. I do not think a person of plaintiff’s age and experience should be held to this degree of analytical sophistication,[1] particularly where there are no overt signs of intoxication.
The analysis in Prestenbach begins with the caveat that the test for determining assumption of the risk involves a subjective inquiry. Consequently, I do not think that ease should be applied to bar recovery to this plaintiff merely because she observed the driver consume a certain quantity of alcohol.
PER CURIAM.
The first sentence of paragraph 16 of the opinion reads:
“The evidence establishes, and both parties apparently agree, that the driver, Elliott, was intoxicated at the time of the accident, and that his intoxication was the cause of that accident.”
In her application for rehearing, plaintiff correctly points out that she did not agree that the driver was intoxicated or that his intoxication was the cause of the accident; her position throughout being that the accident was caused by the driver going to sleep from fatigue. Nevertheless, as stated in the opinion, the evidence establishes that the driver was intoxicated and his intoxication was the cause of the accident. This conclusion is based on the evidence, not on any concession or agreement made by the plaintiff.
The application for rehearing is denied.
PRICE, J., dissents from refusal to grant rehearing.

. The court in Prestenbach noted expert testimony which indicated a blood alcohol level of .124 would not produce effects noticeable to a lay person. How many drinks over a given period of time it will take to produce the level somewhere between .124 and .15 where effects should become apparent is not common knowledge.